IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JAMES BOUTTRY, JR.,                    )
                                       )
            Petitioner,                )
                                       )
      v.                               )  CV 112-032
                                       )  (Formerly CR 110-251)
UNITED STATES OF AMERICA,              )
                                       )
            Respondent.                )

_____

**ORDER**

_____

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation, to which objections have been filed (doc. no. 9).[1]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the

opinion of the Court.    Therefore, Petitioner's "Motion to Stay and/or Hold § 2255

Proceedings in Abeyance . . ." is **DENIED** (doc. nos. 3-1, 3-2), the instant § 2255 motion is

**DISMISSED WITHOUT PREJUDICE**.

---

[1]Petitioner requested an extension of time in which to object to the Report and
Recommendation, which the Magistrate Judge granted in part. (Doc. nos. 7, 8.) While
Petitioner's subsequent response to the Report and Recommendation is titled "objections,"
Petitioner indicates that he does not object to the Magistrate Judge's analysis or the
conclusion that this action should be dismissed without prejudice. (Doc. no. 9, p. 1.) Also,
the Court notes that Petitioner, who is proceeding *pro se*, did not sign his objections. (Id.)
Federal Rule of Civil Procedure 11(a), however, requires that "[e]very pleading, written
motion and other paper must be signed . . . by a party personally if the party is
unrepresented." Because the Court finds that Petitioner's objections provide no basis for
departing from the Report and Recommendation, it will not in this instance require him to
correct this deficiency.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, this civil action is **CLOSED**.

SO ORDERED this 13th day of _____June_____, 2012, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.